

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

JIMMY LEE KELLY AND
PAMELA KELLY                                                                    PLAINTIFFS

VS.                                                    CAUSE NO.: 3:14cv70 DPJ-FKB

THE UNITED STATES OF AMERICA
AND JOHN DOES I - V                                                              DEFENDANTS

## COMPLAINT

JURY TRIAL DEMANDED

NOW INTO COURT come the Plaintiffs, Jimmy Lee Kelly and Pamela Kelly, and file this Complaint against the Defendant, The United States of America and John Does I - V, and in support hereof, would show unto the Court the following, to wit:

### A. PARTIES

1.   Plaintiffs, Jimmie Kelly and Pamela Kelly, are adult resident citizen of the state of Mississippi.

2.   The Defendant, The United States of America, administers the Department of Health and Human Services. Pursuant to 42 U.S.C. § 233, and the Federal Tort Claims Act, the United States of America is the proper party defendant to this action, as at all material times, the individuals and/or entities which caused Plaintiffs' damages, specifically, Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center and/or Marsha Austin, FNP, were and/or are deemed to be federal entities and/or

1

federal employees with respect to the provision of the negligent medical care, treatment, and services to Plaintiff as set forth herein. Specifically, Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center has been deemed to be a Health Center by the Bureau of Primary Health Care, Health Resources and Services Administration, United States Department of Health and Human Resources. Defendant United States of America is therefore statutorily and at common law responsible for the wrongful and negligent acts which occurred at the health care facility operated by Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center and/or the health care provided by Marsha Austin, FNP. Defendant United States of America may be served with process pursuant to FED.R.CIV.P. 4(i) by:

    (A)    delivering a copy of the Summons and Complaint to the Honorable Gregory K. Davis, United States Attorney for the Southern District of Mississippi, at his address of 501 East Court Street, Suite 4.430, Jackson, Mississippi 39201; and/or

    (B)    mailing a copy of the Summons and Complaint by registered or certified mail to the Honorable Eric J. Holder, Jr., Attorney General of the United States, at his address of U.S. Department of Justice, 950 Pennsylvania Avenue, NW, Washington, DC 20530-0001; and/or

    (C)    mailing a copy of the Summons and Complaint by registered or certified mail to Honorable Kathleen Sebelius, Secretary, U. S. Department of Health and Human Services, Immediate Office of the Secretary, 200 Independence Avenue S.W., Washington, D.C. 20201.

    3.    Defendants John Does I - V are individuals or entities as yet unidentified to Plaintiffs, including, but not limited to, other individuals who provided negligent medical care and/or treatment to Jimmy Kelly, or entities of which such negligent healthcare providers were

members; and/or other individuals or entities who were in association with, in business with, partners of, or members of, the defendants named herein or other John Doe Defendants who, at material times, supervised, controlled, or directed the work of any healthcare provider who provided medical care or treatment to Jimmy Kelly, so as to incur liability pursuant to MISS. CODE ANN. § 79-29-920 or other statutory or common law impositions of vicarious liability. Such defendants may be identified and named when their identity becomes known to Plaintiffs.

### B. JURISDICTION AND VENUE

4. This matter is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671 *et. seq.* This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1346(b).

5. Venue is proper in this Court because the negligence giving rise to this claim occurred in this district.

### C. COMPLIANCE WITH STATUTES

6. Proper written notice of intention to file this action and notice of claim has been provided to the Defendants, via certified mail return receipt requested and regular U.S. Mail, pursuant to MISS. CODE ANN. § 15-1-36(15) and 28 U.S.C. § 1346(b) and/or 42 U.S.C. §233 (Federal Tort Claims Act), and the Plaintiffs have exhausted all of their administrative remedies as evidence by the Notice of Claim attached hereto as Exhibit "A".

7. Attached to this Complaint as Exhibit "B" is a Certificate of Compliance and Expert Consultation pursuant to the requirements of MISS. CODE ANN. § 11-1-58(1)(a).

## D. FACTS WHICH GIVE RISE TO CAUSE OF ACTION

8.  On November 14, 2011, at the Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center facility located at 3502 W. Northside Dr., Jackson, MS 39213, Jimmy Kelly, Plaintiff, a 40 year old male, sought treatment for complaints of difficulty urinating and foot pain. Mr. Kelly was seen and treated by Marsha Austin, Family Nurse Practitioner, an employee of Central Mississippi Civic Improvement Association, Inc.

9.  Subsequent to performing an assessment, Nurse Austin diagnosed Mr. Kelly with benign essential hypertension and gout. Nurse Austin prescribed Lisinopril-Hydrochlorothiazide and ordered that Mr. Kelly take one 12.5 mg oral tablet daily for 30 days. Nurse Austin also prescribed Indomethacin 25 mg oral capsule to Mr. Kelly, and instructed him to take one tablet three times daily for 15 days. Nurse Austin also ordered laboratory tests, including a basic metabolic panel, a CBC with differential, a PSA, a uric acid analysis, a urinalysis, and a glucose test. Mr. Kelly filled the prescriptions and took the medications as directed by Nurse Austin.

10. On November 28, 2011, at approximately 6:44 p.m., Mr. Kelly presented at the Emergency Room at St. Dominic Hospital, Jackson, Mississippi, complaining of chest pain. Medications that Mr. Kelly was currently taking at the time of presentation to the emergency room were recorded by Shannon Stevens, R.N. as "lisinopril-hydrochlorothiazide oral 20-12.5 mg 1 tablet oral every day" and "indomethacin oral 25 mg 1 tablet oral 3 times per day."

11. Upon presentation to St. Dominic's, Mr. Kelly was examined by the emergency room physician, Dr. Justin Burford, and admitted to St. Dominic's Telemetry Unit as an inpatient, to the service of Dr. Parvesh K. Goel. Mr. Kelly was diagnosed with acute renal failure. A nephrology consult was ordered.

12. On November 29, 2011, Dr. William R. Smith, a nephrologist, examined Mr. Kelly. Dr. Smith diagnosed Mr. Kelly with "acute renal failure due to the combined toxicities of non-steroidal anti-inflammatory drug and converting enzyme inhibition (indomethacin and lisinopril)."

13. Mr. Kelly was discharged from St. Dominic's on December 7, 2011, with a discharge diagnosis of "acute renal failure likely secondary to ACE inhibitor, non-steroidal anti-inflammatory drugs."

14. Subsequent to discharge, Mr. Kelly's renal failure did not resolve. Instead, Mr. Kelly developed chronic renal failure. Mr. Kelly was followed by Dr. Smith and seen at the Central Nephrology Clinic (Dr. Smith's clinic), where as of January 18, 2012, Mr. Kelly's renal failure failed to improve, and he was diagnosed with Stage V Chronic Kidney Disease. As a result of his renal failure, Mr. Kelly is required to undergo hemodialysis, and will required to do so for the remainder of his life.

15. The injury to Mr. Kelly - specifically, the onset of permanent renal failure - was caused by the medical negligence of one or more of the healthcare providers who provided care and treatment to Mr. Kelly at Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center. Specifically, Mr. Kelly's renal failure was the result of medical care and treatment provided to Mr. Kelly

which failed to meet the applicable standard of care. Additionally, the medical negligence of one or more healthcare providers as set forth herein that resulted in the injury to Mr. Kelly under the circumstances then and there existing may be established by application of the doctrine of *res ipsa loquitur*.

16. As a result of the negligence and breaches of the standards of care by the Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center healthcare providers, Plaintiffs have sustained damages.

17. At all material times, the agents, servants, employees, members, partners, and/or representatives of Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center, provided medical care and treatment to Mr. Kelly in the course and scope of their employment with Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center, with the actual and/or apparent authority so to do. As such, in addition to being liable and responsible in damages for their own acts of negligence or that of their employees, the acts of the individual healthcare providers are imputed as a matter of law to Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center, pursuant to principals of agency, master/servant liability, employer/employee liability, respondeat superior, and other impositions of vicarious liability, including the liability imposed upon joint venturers.

18. On November 14, 2011, Marsha Austin, FNP was an employee of Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center.

19. On November 14, 2011, Marsha Austin, FNP provided medical care and treatment to Jimmy Kelly in the course and scope of her employment with and as an employee of Central Mississippi Civic Improvement Association, Inc. d/b/a Jackson-Hinds Comprehensive Health (Care) Center.

20. On November 14, 2011, Central Mississippi Civic Improvement Association, Inc. was a Health Center Program grantee under 42 U.S.C. 254b, and a deemed Public Health Service employee under 42 U.S.C. 233(g)-(n).

21. As of the date of the filing of this Complaint, Central Mississippi Civic Improvement Association, Inc. is a Health Center Program grantee under 42 U.S.C. 254b, and a deemed Public Health Service employee under 42 U.S.C. 233(g)-(n).

22. As a deemed Public Health Service employee under 42 U.S.C. 233(g)-(n), Defendant United States of America is answerable in damages to Plaintiffs for the injuries caused to Plaintiffs by the acts and omissions of medical negligence attributable to Central Mississippi Civic Improvement Association, Inc. and/or acts and omissions of medical negligence attributable to employees of Central Mississippi Civic Improvement Association, Inc. occurring within the course and scope of the employee's employment.

### E. CAUSES OF ACTION

*Negligence*

23. At all times relevant to this cause of action, the healthcare providers at Central Mississippi Civic Improvement Association, Inc. ("CMCIA"), including Marsha Austin, FNP, owed Plaintiffs the duty to exercise that degree of skill, care, competence, and prudence normally exercised by minimally-competent nurse practitioners, nurses and/or healthcare

providers under like or similar circumstances. The CMCIA healthcare providers, including Marsha Austin, FNP, failed to exercise that requisite degree of skill, care, competence, and prudence required under the circumstances, breached such duty owed to Plaintiffs, and were negligent. As a result of the negligence of the CMCIA healthcare providers, including Marsha Austin, Plaintiffs sustained damages as set forth herein.

24. At all times, the CMCIA healthcare providers owed to Plaintiffs the duty to use reasonable care in their provision of care and treatment to Mr. Kelly. At all times, the CMCIA healthcare providers owed to Mr. Kelly:

    a. a duty to undertake and perform prompt and continuous diagnostic procedures;

    b. a duty to provide skilled, competent, and properly trained physicians and/or nurses and/or healthcare providers to render care and treatment to Mr. Kelly;

    c. a duty to properly and carefully perform any and all medical procedures undertaken and ordered;

    d. a duty to promptly perform necessary medical procedures and diagnostic procedures, such as drawing of blood and obtaining of laboratory results, and to promptly and accurately consider the results of such tests;

    e. a duty to prevent harm to Mr. Kelly caused or occasioned by improperly staffed and/or improperly provisioned and equipped medical facilities, including, but not limited to, inadequately trained and/or unqualified nurses, staff members, laboratory employees, or other staff persons;

    f. a duty to not prescribe or order the administration of lisinopril and indomethacin under the circumstances then and there existing, and/or;

g.     other such duties and obligations to be shown at trial of this matter.

The CMCIA healthcare providers, including Marsha Austin, FNP, failed to use reasonable care and breached the applicable standard of care owed to Plaintiffs by failing to fulfill the above and aforementioned duties of care. Such breaches and failures were negligent.

25.    The negligent conduct of the CMCIA healthcare providers in failing to adhere to the minimum standards of care as set out above is the direct and proximate cause of the injuries to Mr. Kelly and the Plaintiffs' damages.

26.    At all times mentioned herein, Marsha Austin, FNP and all attendant nurses and other medical staff were acting for and on behalf of CMCIA, and Austin and all attendant nurses and other medical staff were acting in the course and scope of their employment with CMCIA, and their negligent acts and/or omissions are imputed to CMCIA.

### *Doctrine of Res Ipsa Loquitur*

27.    The medical negligence of one or more the CMCIA healthcare providers herein that resulted in the injuries and damages sustained by Plaintiffs under the circumstances then and there existing may be established by application of the doctrine of *res ipsa loquitur*.

### *Breach of Contract*

28.    At the time that Mr. Kelly sought, and the CMCIA healthcare providers agreed to provide, medical care and treatment for Mr. Kelly, an agreement was formed whereby Mr. Kelly and CMCIA entered into a contractual relationship. By entering into this contractual relationship, CMCIA became imposed with a contractual duty to provide reasonable medical care and treatment to Mr. Kelly.

29. By and through the acts and omissions of negligence as set forth herein, the CMCIA healthcare providers breached and tortiously breached such contract.

30. As a result of the breach of contract, Plaintiffs suffered injury and harm, and Plaintiffs suffered damages as set forth herein.

### *Vicarious Liability*

31. At all relevant times, CMCIA's employees, agents, servants, partners, members, and/or representatives were acting within the course and scope of their employment and/or agency with CMCIA. The acts, omissions, misfeasance, malfeasance, nonfeasance, and/or negligence of such employees, agents, and/or representatives are attributable to CMCIA through vicarious liability and/or *respondeat superior*.

### F. DAMAGES

32. As a result of the CMCIA healthcare providers' failure to properly treat and manage the care of Mr. Kelly, and as a result of the negligence and breaches of standards of care and breach of contract, Mr. Kelly sustained severe and permanent damage to his renal system. As a result of the healthcare providers' negligence, Mr. Kelly experienced intense and severe physical pain and suffering, mental aguish and emotional distress. He required hospitalization and medical treatment and incurred necessary and reasonable medical expenses that would not have been incurred had the healthcare providers not breached the applicable standard of care in providing care and treatment to Mr. Kelly.

33. As a result of the CMCIA healthcare providers' failure to properly treat and manage the care of Mr. Kelly, and as a result of the negligence and breaches of standards of care and breach of contract and resulting permanent damage, Mr. Kelly will require hemodialysis for

the remainder of his life, and incur substantial future medical expenses associated with the hemodialysis and monitoring and treatment of his chronic renal failure. He will be required to undergo surgeries and medical procedures, such as the insertion and maintenance of dialysis access, including ports and AV fistulas.

34. As a result of the failure to properly treat and manage the care of Mr. Kelly, and as a result of the negligence and breaches of standards of care and breach of contract, Mr. Kelly has lost wages and wage earning capacity, and the ability to work and earn wages during the extended period and portion of his remaining life that will be spent in active hemodialysis treatment.

35. Mr. Kelly's wife, Plaintiff Pamela Kelly, has suffered and will suffer in the future mental and emotional distress, loss of society and companionship, and loss of consortium.

### G. PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED,** Plaintiffs hereby demand judgment against the Defendant United States of America in an amount in compensatory damages for all damages set forth herein, including but not limited to physical pain and suffering, mental aguish and emotional distress, past and future medical expenses, past and future lost wages and wage earning capacity, loss of society and companionship, and loss of consortium, in addition to pre- and post-judgment interest on all such amounts, costs of this action, attorney fees, and for any other damages and/or relief appropriate under the law. For purposes of the Federal Tort Claims Act, specifically as required to be specified by Form 95, Plaintiffs seek a total amount of $40,000,000 in compensatory damages.

This the 28th day of January, 2014.

                                                  JIMMY KELLY AND
                                                  PAMELA KELLY, PLAINTIFFS

                                                  BY: _____
                                                         One of their Attorneys

**Bobby L. Dallas, Esq.**
**Michael T. Jaques, Esq., MSB No. 8708**
**SESSUMS DALLAS, PLLC**
**240 Trace Colony Park Drive, Ste. 100**
**Ridgeland, Mississippi 39157**
**Telephone: 601.933.2040**
**Facsimile: 601.933.2050**